**Denied and Opinion Filed November 26, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01346-CV

### IN RE JULES DYLAN STUER, Relator

**Original Proceeding from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-17-05507**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

Before the Court is relator's petition for writ of mandamus in which he complains of a contempt order rendered against him for failure to pay amicus fees. To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, the mandamus record does not include a certified or sworn copy of the order complained of, all pleadings related to that order, or a hearing transcript. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a).  Based on the record before us, we conclude relator has not shown he is entitled to the relief requested.  Accordingly, we deny relator's petition for writ of mandamus.  *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

181346F.P05